```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

**CLARENCE LUKER, AIS# 276254,**   :
                                                               :
    **Plaintiff,**   :
                                                               :
**vs.**   :   **CIVIL ACTION NO. 11-00341-CB-B**
                                                               :
**NICOLE STEELE,**   :
                                                               :
    **Defendant.**   :

## ORDER

This action is before the Court on several motions to amend (Docs. 38, 43, and 46), filed by Plaintiff. Each will be addressed in turn.

    1.(Doc. 38).

Plaintiff's Motion to Amend (Doc. 38) seeks to remove Sheriff Grover Smith as a defendant, and in his place include an unknown Escambia County Detention Center Administrator. Sheriff Smith, however, is not a Defendant to this action inasmuch as Plaintiff's prior attempt to add him as a Defendant was denied. (Docs. 25, 27, 30, 34 at 4-6). Thus, this request is **DENIED.**

Also, Plaintiff requests that the Court seek the name of the unidentified administrator. See Brown v. Sikes, 212 F.3d 1205, 1209 n.4 (11th Cir. 2000) (Appellate courts have acknowledged the difficulties faced by a prisoner in identifying alleged wrongdoers before filing a complaint and have directed

district courts to assist prisoners in discovering the identity of the proper defendants."); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980) ("[W]hen . . . a party is ignorant of defendants' true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court."). In this case, the identification of the unnamed Administrator is of no consequence, for the reasons stated below.

Under 42 U.S.C. § 1983, a plaintiff must sufficiently allege (1) that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) that the act or omission was committed by a person acting under color of state law. 42 U.S.C. § 1983; Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Although the complaint need not set forth detailed factual allegations, the plaintiff must allege sufficient facts to render the claim "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff alleges absolutely no facts against the unnamed administrator which would indicate that his constitutional rights have been violated by a person acting under color of state law. See Washington v. Bauer, 149 F. App'x 867, 870 (11th Cir. 2005) (holding a § 1983 plaintiff is required to allege with some specificity in his complaint the facts which make out

his claim). Therefore, Plaintiff's attempt to add an unnamed Administrator as a Defendant is **DENIED**.

2. (Doc. 43)

In Plaintiff's "Motion to Amend Complaint and to Add Witnesses on Warrant That Plaintiff Signed Against George Vivian to Defendants" (Doc. 43), Plaintiff seeks to add an unnamed Escambia County Detention Center Administrator in place of Sheriff Grover because "they w[]ere sup[p]ose to be training Nicole Steele to do her job properly, and failed to do so." Plaintiff does not explain how the Administrator failed to train Defendant Steele and how this failure caused a deprivation of his constitutional rights.

In order to state a claim for failure to train or supervise, Plaintiff must establish that the failure to train or supervise was the moving force behind the deprivation of a constitutional right. City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 389, 109 S. Ct. 1197, 1203, 1205, 103 L. Ed. 2d 412 (1989); McKinney v. DeKalb Cnty., Ga., 997 F.2d 1440, 1443 (11th Cir. 1993). Plaintiff has alleged no facts identifying what the failure was and then connecting the failure to a constitutional deprivation. Thus, he has failed to state a claim against the Administrator. When an amendment is futile because it is subject to dismissal, permission to amend may be denied. Halliburton & Assocs. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir.

3

1985). Accordingly, Plaintiff's request to add the Administrator as a Defendant is **DENIED** because such an amendment is subject to dismissal for failure to state a claim upon which can be granted.

Additionally, Plaintiff again seeks to dismiss Sheriff Grover Smith as a Defendant. For the above stated reasons, this request is again **DENIED**.

Furthermore, Plaintiff makes allegations about the witnesses on the warrant that he signed against his assailant, but these allegations are not clear. Either Plaintiff wants to add witnesses on warrant or he seeks to add as Defendants in this action the witnesses listed on the warrant. A person who is being identified as a defendant needs to be specifically identified by a name or by specific position so the person is identifiable and process can be served on the person. Dean v. Barber, 951 F.2d 1210, 1215-1216 (11th Cir. 1992). And, Plaintiff is required to allege what the person did to violate his constitutional rights. Plaintiff's motion is devoid of any such allegations. On the other hand, if Plaintiff is requesting that this Court somehow add persons to the state-court warrant, federal courts do not involve themselves in state court proceedings. Younger v. Harris, 401 U.S. 37, 46, 91 S. Ct. 746, 751, 27 L. Ed. 2d 669 (1971) (there is a "fundamental policy

4

against federal interference with state criminal prosecutions"). Thus, Plaintiff's request regarding the warrant is **DENIED**.

      3. (Doc. 46).

In this Motion to Amend Complaint (Doc. 46), Plaintiff seeks to add Correctional Officers Jonathan Williams and Heath Wiggins. Plaintiff alleges that these officer "w[]ere just as responsible as C/O Nicole Steele was for not tr[y]ing to prevent what happened." This allegation does not contain sufficient factual information showing that he was deprived of a constitutional right by each named officer. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (holding that in a § 1983 action, a plaintiff must causally connect a defendant's actions, omissions, customs, or policies to a deprivation of the plaintiff's constitutional or federal rights in order to state a claim under § 1983). Furthermore, in order to state a claim, a complaint must plead "'enough facts to state a claim to relief that is plausible on its face'" and "'to raise a right to relief above the speculative level.'" Speaker v. United States Dep't of Health & Human Servs. Ctrs. for Disease & Prevention, 623 F.3d 1371, 1380 (11th Cir. 2010) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1974-65). And, the allegations "must 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 566 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d

868 (2009)).  Plaintiff's allegation does not establish that a constitutional right was violated by each officer.  Thus, the lack of facts prevents Plaintiff from making a showing that he has a plausible claim for a violation of a constitutional right by each officer.  Thus, Plaintiff's motion is denied.

**DONE** this **13th** day of **September, 2012.**

                                                **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**